# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ARAMARK HEALTHCARE TECHNOLOGIES, LLC and ARAMARK HEALTHCARE SUPPORT SERVICES, LLC | § § § § § | Civil Action No. 4:18-cv-00647 Judge Mazzant |
| v. | § § | |
| STAR MEDICAL CENTER, LLC and MEDONE TEXAS MSO LLC | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant MedOne Texas MSO LLC's Motion to Vacate Default Judgment and Final Judgment (Dkt. #31). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff Aramark Healthcare Support Services, LLC and Plaintiff Aramark Healthcare Technologies, LLC (collectively, "Plaintiffs") filed their Complaint on September 12, 2018 (Dkt. #1). Plaintiffs alleged a breach-of-contract claim against Defendant Star Medical Center, LLC (Dkt. #1 at pp. 8–9). Plaintiffs then attempted to establish liability against Defendant MedOne by pleading a piercing-the-corporate-veil theory (Dkt. #1 at p. 9). Summons against Defendant MedOne and Defendant Star (collectively, "Defendants") was returned executed on September 24, 2018 (Dkt. #6; Dkt. #7).

After no participation in the lawsuit by Defendants, Plaintiffs requested that the Clerk of Court enter default against them (Dkt. #8). On November 27, 2018, the Clerk entered default against Defendants (Dkt. #9). On February 8, 2019, the Court entered a default judgment against Defendants for liquidated damages in the amount of $469,707.97 and prejudgment and

postjudgment interest (Dkt. #11). On March 11, 2019, the Court awarded Plaintiffs $20,857.00 in attorneys' fees and $599.00 in costs (Dkt. #18). On April 4, 2019, the Court entered final default judgment against Defendants (Dkt. #21).

On August 1, 2019, counsel for Defendant MedOne filed a notice of attorney appearance (Dkt. #27). On August 16, 2019, Defendant MedOne filed its Motion to Vacate Default Judgment and Final Judgment (Dkt. #31). Plaintiffs filed their response on September 13, 2019 (Dkt. #35), and Defendant MedOne replied on September 20, 2019 (Dkt. #38).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) lists five reasons why relief may be granted—it also contains a sixth catch-all category for reasons not specifically listed. FED. R. CIV. P. 60(b). The decision to grant or deny relief under Rule 60(b) is subject to the Court's discretion, and the Court's determination is entitled to deference. *See Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016) (citations omitted).

"[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.*

**ANALYSIS**

Here, Defendant MedOne seeks to have the final default judgment against it set aside under both Rule 60(b)(1) and 60(b)(6) (Dkt. #31 at p. 1). Because the Court finds that final default

judgment against Defendant MedOne should be set aside under Rule 60(b)(1), the Court does not address Defendant MedOne's Rule 60(b)(6) argument.

But before turning to the analysis, the Court notes a dispute between the parties regarding the applicable legal standard. Historically, courts within the Fifth Circuit have incorporated the Rule 55(c) good-cause standard into the Rule 60(b) analysis when considering vacatur of a final default judgment. *E.g.*, *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) ("In assessing a motion to vacate a default judgment, we have interpreted Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default . . . ."). The parties here dispute whether the 2015 amendment to Rule 55(c)—which made "plain the interplay between Rules 54(b), 55(c), and 60(b)"[1]—altered the standard previously articulated by the Fifth Circuit (Dkt. #31 at p. 5; Dkt. #35 at p. 7; Dkt. #38 at p. 2).

The available guidance on this question is unavailing. *Compare Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018) (applying the Rule 55(c) good-cause standard to the entry of default and then stating: "A district court may set aside 'a final default judgment' for one of the listed reasons under Rule 60(b). Because the district court here entered a final default judgment, Rule 60(b) applies.") (internal citation omitted), *with A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In assessing a motion to vacate a default judgment, we have interpreted Rule 60(b)(1) as incorporating the Rule 55 'good cause' standard applicable to entries of default[.]") (quoting *In re OCA*, 551 F.3d at 369). *Cf. In re OCA*, 551 F.3d at 370 ("Although . . . revision to Rule 55(c) may one day cause us to reassess the relationship between the Rule 55(c) good-cause standard and Rule 60(b)(1), we have no occasion to do so in the instant case . . . .") (footnote omitted).

---

[1] FED. R. CIV. P. 55(c) advisory committee's note to 2015 amendment.

Both parties fully briefed whether excusable neglect exists under Rule 60(b)(1). And the Court finds that the final default judgment against Defendant MedOne should be vacated under a plain application of Rule 60(b)(1)'s excusable-neglect standard. So, the Court need not address whether the Rule 55(c) good-cause standard can continue to be properly incorporated under Rule 60(b)(1) at this time.[2]

## I. Excusable Neglect Exists Under Rule 60(b)(1)

Because the Court has entered a final default judgment against Defendant MedOne, Rule 60(b) controls the analysis. *Sindhi*, 905 F.3d at 333 (citing FED. R. CIV. P. 55(c) advisory committee's note to 2015 amendment). Rule 60(b)(1) authorizes the Court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Excusable neglect" is "at bottom an equitable [determination], taking account of all relevant circumstances." *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Review Comm'n*, 942 F.3d 279, 282–83 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Indeed, excusable neglect is an "elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392 (internal quotations and citations omitted). The Court must consider a number of circumstances in evaluating whether there was excusable neglect, including: (1) the danger of prejudice to the other party; (2) the delay's length and its potential impact on judicial proceedings; (3) the reasoning behind the delay; and (4) whether the movant acted in good faith. *See id.* at 395.

---

[2] Even if the Rule 60(b)(1) analysis still properly incorporates the Rule 55(c) good-cause standard, the Court can find vacatur appropriate without ever considering the Rule 55(c) factors. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (applying the Rule 55(c) good-cause standard to the Rule 60(b)(1) analysis but noting that the "factors are not 'talismanic' . . . A district court may consider other factors . . . .").

Defendant MedOne argues that its conduct represents excusable neglect (Dkt. #31 at p. 6). Specifically, Defendant MedOne claims that it was not actually aware of this action until July 24, 2019 (Dkt. #31 at p. 7). All parties agree that Plaintiffs properly served the summons on Defendant MedOne's registered agent, Incorp Services, Inc. (Dkt. #31 at p. 2). The problem is, Defendant MedOne's account with Incorp was created incorrectly (Dkt. #31 at pp. 2–3).

Contrary to the instructions of Ryan Morfin, the managing member of Defendant MedOne, Defendant MedOne's account with Incorp did not list Mr. Morfin as an authorized representative (Dkt. #31 at pp. 2–3). In fact, Incorp did not have contact information for any member, officer, or employee of Defendant MedOne (Dkt. #31 at p. 3). So, when Plaintiffs served Incorp, nobody at Defendant MedOne was notified (Dkt. #31 at p. 3). Until Mr. Morfin went through his spam email folder on July 24, 2019, and saw two forwarded emails concerning this litigation, nobody at Defendant MedOne was aware of this action (Dkt. #31 at p. 2).[3]

Defendant MedOne further claims that Plaintiffs will not be prejudiced by the vacatur (Dkt. #31 at p. 8). And Defendant MedOne argues that it acted in good faith since it moved to vacate the default judgment expeditiously (Dkt. #31 at p. 9).

Plaintiffs counter by pointing out Defendant MedOne does not dispute proper service, and Plaintiffs claim that the only reason Defendant MedOne was not aware of this litigation—which Plaintiffs describe as a "comedy of errors pertaining to internal email mix-ups and spam folders"—is insufficient to constitute excusable neglect (Dkt. #35 at p. 8). Plaintiffs also argue that Defendant MedOne did not move expeditiously to vacate the final default judgment as it claimed (Dkt. #35 at p. 9). Plaintiffs assert that the delay from when Defendant MedOne's managing member allegedly discovered this action—on July 24, 2019—to when Defendant MedOne's

---

[3] The two emails were dated May 21, 2019, and July 1, 2019 (Dkt. #31 at p. 2).

counsel made an appearance and filed its motion—on August 1, 2019 and August 16, 2019, respectively—demonstrates that there is no excusable neglect (Dkt. #35 at pp. 9–10, 10 n.1). And Plaintiffs claim that vacating the final default judgment would prejudice them, as Plaintiffs have been attempting to enforce and collect on the judgment for "at least four months" (Dkt. #35 at p. 10).

In its reply, Defendant MedOne argues that receipt of service is not dispositive to the excusable-neglect analysis (Dkt. #38 at p. 1). It is not the fact that two emails were sent to a spam folder that sufficiently constitutes excusable neglect, Defendant MedOne claims, but the fact that Defendant MedOne's registered agent was set up by a third party without its managing member, Mr. Morfin, being listed as its authorized agent—against Mr. Morfin's explicit instructions (Dkt. #38 at p. 2). Defendant MedOne also reiterates that it moved expeditiously to vacate the final default judgment, and that the three-week delay in filing its motion was attributable to researching the relevant law and drafting the motion (Dkt. #38 at p. 4).

The Court agrees with Defendant MedOne—excusable neglect under Rule 60(b)(1) exists to vacate the final default judgment. First, the reasoning behind the delay is excusable, and Defendant MedOne has acted in good faith. Second, there is no danger of prejudice to Plaintiffs by vacating the final default judgment and forcing the parties to litigate on the merits. And finally, the delay's length and its potential impact on judicial proceedings does not counsel against vacatur.

### A. The Reasoning Behind the Delay Was Excusable, and Defendant MedOne Has Acted in Good Faith

"Rule 60(b)(1) is understood to encompass situations in which the movant's failure to respond is attributable to his own negligence." *Owens-Illinois, Inc v. T & N Ltd.*, 191 F.R.D. 522, 525 (E.D. Tex. 2000) (citing *Pioneer*, 507 U.S. at 394). And "even when a company has well established procedures in place, human error will occasionally result . . . ." *Id.* at 527.

Defendant MedOne's failure to respond was negligent here—although Mr. Morfin had instructed that he be listed as Defendant MedOne's authorized representative with the registered agent, no one checked to ensure that those instructions were followed. As was revealed later, Mr. Morfin's instructions were not followed. But this negligence is excusable, particularly because there is no indication that Defendant MedOne acted in bad faith. Defendant MedOne thought it had a well-established procedure in place, but that procedure was undermined by human error. Defendant MedOne's negligence in not responding to the summons is excusable under these circumstances.

### B. There Is No Danger of Prejudice to Plaintiffs

Plaintiffs are not prejudiced by having to litigate their claims on the merits. Plaintiffs argue that they have a "right to a Final Judgment in [their] favor" and will be prejudiced if the Court "wipe[s] out" the default judgment (Dkt. #35 at p. 6). As the Fifth Circuit has explained:

> There is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained . . . without a trial and by default. All that . . . has [been] done is to give the defendants their day in court."

*Lacy*, 227 F.3d at 293 (alterations in original) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

Vacating the final default judgment as to Defendant MedOne simply requires Plaintiffs to prove their case on the merits. That does not constitute prejudice to Plaintiffs. Further, the final default judgment awarded Plaintiffs over $500,000.00 in damages (Dkt. #21; Dkt. #31 at p. 1). This is a significant recovery; a decision on the merits is appropriate. *Owens-Illinois*, 191 F.R.D. at 529 (collecting cases).

### C. The Delay's Length and Its Potential Impact on Judicial Proceedings Does Not Counsel Against Vacatur

Contrary to Plaintiffs' argument, Defendant MedOne "acted expeditiously to correct its default." *Id.* Plaintiffs assert that the three-week delay from when Defendant MedOne's managing member allegedly discovered this action to when Defendant MedOne filed its motion demonstrates that there is no excusable neglect (Dkt. #35 at pp. 9–10, 10 n.1). But Defendant MedOne immediately obtained counsel after learning about this litigation on July 24, 2019. That is evident from the record since only one week passed before Defendant MedOne's counsel made an appearance on August 1, 2019 (Dkt. #27). And as Defendant MedOne stated, the three-week delay in filing its motion was attributable to researching the law and drafting the motion (Dkt. #38 at p. 4). Not only is that delay reasonable, but it does not negatively impact the judicial proceedings.

Additionally, Defendant MedOne has been working with Plaintiffs' counsel to respond to Plaintiffs' discovery requests (Dkt. #31 at p. 4). On August 16, 2019, the parties reached an agreement regarding discovery (Dkt. #31 at p. 4). This evinces that Defendant MedOne has been acting expeditiously to correct its default and defend itself in this litigation. *See Owens-Illinois*, 191 F.R.D. at 529 (reasoning that a party's stipulated agreement with opposing counsel regarding a discovery schedule constitutes evidence of it acting expeditiously to correct its default).

### CONCLUSION

It is therefore **ORDERED** that Defendant MedOne's Motion to Vacate Default Judgment and Final Judgment (Dkt. #31) is hereby **GRANTED**.

It is further **ORDERED** that the Final Default Judgment (Dkt. #21) is **VACATED as to Defendant MedOne**. The Final Default Judgment (Dkt. #21) is still valid as to Defendant Star Medical Center, LLC, which has still not appeared.

**SIGNED this 21st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE